MICHAEL FAILLACE & ASSOCIATES, P.C.
Joshua S. Androphy
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

| | |
|---|---|
| IN RE AMIR ORLY, | **Chapter 7** |
|        Debtor. | **Case No. 15-11650 (JLG)** |
| | **Adversary Proceeding No.** |

ALFREDO MORENO COCOLETZI, EDGAR
MONTEROSO, GILBERTO DARIO
RAMIREZ RAMOS, GERMAN TORRES
ROMERO, and CRISTIAN FREDY VILLAR
MEDINA, *on behalf of themselves and other
similarly situated,*

COMPLAINT OBJECTING TO
DISCHARGEABILITY OF DEBT
AND DISCHARGE OF DEBTOR

               *Plaintiffs*,

      -against-

AMIR ORLY,

            *Defendants.*
-------------------------------------------------------X

     Plaintiffs Alfredo Moreno Cocoletzi, Edgar Monteroso Gilberto Dario Ramirez Ramos,

German Torres Romera, and Cristian Fredy Villar Medina, individually and on behalf of others

similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace &

Associates, P.C., upon their knowledge and belief, hereby object pursuant to 11 U.S.C. § 523 to

the discharge of debts owed to them by Amir Orly ("Defendant" or "Debtor"), and also object to

the discharge, in general, of Debtor pursuant to 11 U.S.C. § 727, and respectfully represent as

follows:

## BACKGROUND AND FACTS

1.      Plaintiffs are former employees of the debtor Amir Orly, at two pizza restaurant, owned and operated by Fat Sal's Pizza Corp and Fat Sal's II Pizza, Corp.  Amir Orly was the chief executive officer of Fat Sal's Pizza Corp., a manager of both restaurants, and upon information and belief, a shareholder of both corporations.

2.      The Plaintiffs filed an action in the Southern District of New York against Amir Orly, and co-defendants Fat Sal's Pizza Corp., Fat Sal's II Pizza Corp., and Edad Shaar, alleging willful violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  That action is currently pending, under index number 15-cv-2696 (CM) (the "District Court Action").

3.      The Plaintiffs is the District Court Action allege that Orly and the co-defendants willfully and maliciously denied Plaintiffs minimum wage and overtime pay and required plaintiffs to pay for their own equipment and uniforms in violation of the FLSA and NYLL, and also violated the NYLL by denying Plaintiffs spread of hours pay, and failing to provide wage statements and wage notices.

4.      A true copy of the complaint in the District Court Action is annexed hereto as Exhibit A.  Plaintiffs incorporate all allegations of the complaint in the District Court Action.

5.      By order entered January 13, 2016 this Court lifted the automatic stay so that the District Court Action may proceed against Defendant Orly.

6.      A discovery scheduling conference is scheduled for March 11, 2016 in the District Court Action.

- 2 -

7.      Orly had been represented in the District Court Action, but his attorneys
withdrew.  Orly has not since appeared by another attorney, nor filed a pro se notice of
appearance.

8.      The Plaintiffs expect to prove in the District Court Action that Orly (and the co-
defendants) willfully and maliciously injured the Plaintiffs by denying them minimum wage and
overtime pay in violation of the FLSA and NYLL, in addition to other willful and malicious
violations of the NYLL.

## FIRST CAUSE OF ACTION
## (NON-DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(A)(6) FOR WILLFUL AND MALICIOUS INJURY BY DEBTOR TO THE PLAINTIFFS)

9.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

10.     Plaintiffs were employed by the debtor, Orly, as delivery workers as Fat Sal's
Pizza.

11.     As alleged in the District Court Action, Plaintiffs were not paid the minimum
wage required by the FLSA and NYLL.

12.     As alleged in the District Court Action, Plaintiffs were not paid overtime wages as
required by the FLSA and NYLL.

13.     As alleged in the District Court Action, Plaintiffs were not paid spread of hours
wages when their workdays were longer than ten hours, as required by the NYLL.

14.     Orly and the co-defendants' failure to pay Plaintiffs at the minimum wage rate, at
the  overtime wage rate, and spread of hours wages in accordance with the FLSA and NYLL was
an intentional and wrongful act which caused Plaintiffs injury in the form of lost wages, in an
amount to be determined at trial in the District Court Action.  Orly's failure to pay the Plaintiffs

- 3 -

the minimum wage, overtime wage, and spread of hours wages was done without just cause or

excuse. Orly had the clear ability to pay the Plaintiffs the proper wages in accordance with

federal law, but simply chose not to.

15.     Orly's failure to pay the Plaintiffs properly in accordance with the FLSA and

NYLL caused a willful and malicious injury to them such that the debts owed by Orly to the

Plaintiffs, including attorneys' fees and costs to which they are entitled under the FLSA.

Therefore, pursuant to 11 U.S.C. § 523(a)(6), Orly is not entitled to a discharge of such debts.

### SECOND CAUSE OF ACTION
### (NON-DISCHARGE UNDER 11 U.S.C. § 727(A)(4)(A))

16.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

17.     Orly signed his voluntary petition for bankruptcy and statement of financial

affairs on June 24, 2015, under penalty of perjury.

18.     At page 31 of his filing, in item 18 of his statement of financial affairs, Orly

completed a section that required him to "list the names, addresses, taxpayer identification

numbers, nature of the businesses, and beginning and ending dates of all businesses in which the

debtor was an officer, director, partner, or managing executive of a corporation, partner in a

partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either

full- or part-time within six years immediately preceding the commencement of this case, or in

which the debtor owned 5 percent or more of the voting or equity securities within six years

immediately preceding the commencement of this case.  Orly answered "None" to this section.

19.     Orly was the Chief Executive Officer of Fat Sal's Pizza Corp.  at the time of the

filing of his bankruptcy petition.  Orly also had been the Chief Executive Officer of Fat Sal's IV

Pizza Corp. until its dissolution in August 2011.  Upon information and belief, Orly was an

- 4 -

officer of Fat Sal's II Pizza Corp. at the time of the bankruptcy filing.  Upon information and

belief, Orly had been an officer of Fat Sal's IV Pizza Corp. until its dissolution in August 2011.

20.    Upon information and belief, Orly was at the time of the bankruptcy petition

filing an owner of more than 5 percent of the voting or equity securities in Fat Sal's Pizza Corp.

and Fat Sal's II Pizza Corp., at the time of the filing of the bankruptcy petition.  Upon

information and belief Orly was also an owned of 5 percent or more of the voting or equity

securities in Fat Sal's III Pizza Corp. and Fat Sal's IV Pizza Corp. until their dissolution in

August 2011.

21.    Orly's response of "None" in item 18 of his statement of financial affairs was a

knowing and fraudulent making of a false oath or account in connection with his bankruptcy

case.

22.    Pursuant to 11 U.S.C. § 727(a)(4)(A), Orly is not entitled to a discharge based on

the actions detailed above, which involve the knowing and fraudulent making of a false oath or

accounts in connection with his bankruptcy case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

(a)    With respect to the first cause of action, enter judgment and an order denying

Orly a discharge with respect to the FLSA debts owed to the Plaintiffs including attorneys' fees

and costs, pursuant to 11 U.S.C. § 523(a)(6);

(b)    With respect to the second cause of action, enter judgment and an order denying

Defendant a discharge pursuant to 11 U.S.C. § 727(a)(4)(A);

(c)    For an award of costs and attorneys' fees incurred in prosecuting this action; and

(d)     For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 6, 2016

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                            By:    /s/ Joshua S. Androphy
                                   Joshua S. Androphy
                                   60 East 42nd Street, Suite 2540
                                   New York, New York 10165
                                   Telephone: (212) 317-1200
                                   Facsimile: (212) 317-1620
                                   jandrophy@faillacelaw.com