**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re:

Amir Orly

*Debtor.*

ALFREDO MORENO COCOLETZI, EDGAR
MONTEROSO AND GILBERTO DARIO RAMIREZ
RAMOS, GERMAN TORRES ROMERO, AND
CRISTIAN FREDY VILLAR MEDINA, *on behalf of
themselves and others similarly situated,*

*Plaintiffs,*

-against-

AMIR ORLY,

*Defendant.*

-----------------------------------------------------------------X

**Hearing Date: June 16, 2016 at 10:00 a.m.**
**Bankruptcy Case No. 15-11650 (JLG)**
**Chapter 7**

**Adversary Proceeding No. 16-01020 (JLG)**

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
# TO DEFENDANT AMIR ORLY'S MOTION TO DISMISS COMPLAINT

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
*Attorneys for Plaintiffs*

Table of Contents

Preliminary Statement..................................................................................................................1

Statement of Facts......................................................................................................................2

Argument ...................................................................................................................................3

    A.  The Standard on a Motion to Dismiss ...............................................................................3

    B.  The Complaint State a Claim for Non-Dischargeability of Debts Due to Willful and
    Malicious Injury by Orly of Plaintiffs ................................................................................4

Conclusion .................................................................................................................................7

## Table of Authorities

**Cases**

*Anderson News, LLC v. American Media, Inc.*, 680 F. 3d 162 (2d Cir. 2012) .............................. 3

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................. 3

*Ball v. A.O. Smith Corp.*, 451 F.3d 66 (2d Cir. 2006) ..................................................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 3

*Bundy Am. Corp. v. Blankfort (In re Blankfort),* 217 B.R. 138 (Bankr. S.D.N.Y. 1998) ............... 5

*Chaves v. Ruhland (In re Ruhland)*, 11-19510-JNF, 2013 Bankr. LEXIS 1061, 2013 WL
    1088737 (Bankr. D. Mass. Mar. 13, 2013) .............................................................. 7

*DeCurtis v. Ferrandina*, 533 B.R. 11 (Bankr. E.D.N.Y. 2015) ........................................... 4

*Farie v. Silva (In re Silva)*, 12-17413-WCH, 2014 Bankr. LEXIS 258, 2014 WL 217889
    (Bankr. D. Mass. Jan. 21, 2014) ....................................................................... 6

*Forrest v. Bressler (In Re Bressler)*, 387 B.R. 446 (Bankr. S.D.N.Y. 2008) ........................... 5

*Husky Int'l Elecs., Inc. v. Ritz*, __ U.S. __, 136 S. Ct. 1581, 194 L. Ed. 2d 655 (2016) ............ 4

*In re Hambley*, 329 B.R. 382 (Bankr. E.D.N.Y. 2005) .................................................... 5

*In re Stelluti*, 94 F.3d 84 (2d Cir. 1996) ................................................................ 4

*Kawaauhau v Geiger*, 523 U.S. 57 (1998) .................................................................. 4

*Murray v. Altendorf (In re Altendorf)*, No. 15-07003, 2015 Bankr. LEXIS 2517
    (Bankr. N.D. July 29, 2015) ........................................................................... 7

*Parris v. Delaney (In re Delaney)*, 504 B.R. 738 (Bankr. D. Conn. 2014) ............................. 5

*Petarlia v. Jercich (In re Jercich)*, 238 F.3d 1202 (9th Cir. 2001) .................................. 6

*Romano v. Defusco (In re Defusco)*, 500 B.R. 664 (D. Mass. 2013) ..................................... 6

*Starr v. Sony BMG Music Entertainment*, 592 F.3d 314 (2d Cir. 2010) ................................. 3

*U.S. v. Makozy (In re Makozy)*, 13-2440-CMB, 2014 Bankr. LEXIS 3831
    (Bankr. W.D. Pa. Sept. 9, 2014) ....................................................................... 7

**Statutes**

11 U.S.C §523(a)(6)................................................................................................. 1, 4, 6, 7

**Rules**

Fed. R. Bankr. P. 7012(b)(6)................................................................................................ 3

Fed. R. Civ. P. 12(b)(6)........................................................................................................ 3

Plaintiffs Alfredo Moreno Cocoletzi, Edgar Monteroso, Gilberto Dario Ramirez, German Torres Romero, and Cristian Fredy Villar Medina, by their attorneys Michael Faillace & Associates, P.C., submits this memorandum of law in opposition to Defendants' motion to dismiss the complaint.

## Preliminary Statement

The Plaintiffs are plaintiffs in an action against debtor Amir Orly, and non-debtors Fat Sal's Pizza Corp, Fat Sal's Pizza II Corp., and Eldad Shaar (the "Non-Debtor Defendants") in the United States District Court for the Southern District of New York (the "District Court Action") for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), unpaid spread of hours pay under the NYLL, and failure to provide wage notices and statements as required by the NYLL. The adversary proceeding alleges that in committing the underlying acts of the District Court Action, Orly willfully and maliciously caused injury to the Plaintiffs, and that therefore the debts arising from such actions should not be discharged.

The complaint should not be dismissed. The complaint adequately alleges the willful and malicious injury necessary to avoid a discharge pursuant to 11 U.S.C. §523(a)(6). Accordingly, Plaintiffs state a claim against Orly, and the action should proceed to determine whether Orly's debts to the Plaintiffs are exempt from discharge.

Plaintiffs concede that due to the amendment of Orly's Statement of Financial Affairs, Plaintiffs' second cause of action should be dismissed.

Statement of Facts

The following facts are taken from the docket in this bankruptcy proceeding.

Alfredo Moreno Cocoletzi, Edgar Monteroso, Gilberto Dario Ramirez commenced the District Court Action against Orly and the Non-Debtor Defendants on April 7, 2015. (Complaint Ex. A)  On April 24, 2015 and May 7, 2015, German Torres Romero, and Cristian Fredy Villar Medina filed consents to join the District Court Action as party plaintiffs.

As alleged by the Plaintiffs in the complaint, Orly and the Non-Debtor Defendants owned and operated pizzerias doing business under the name Fat Sal's Pizza, located in New York, New York. (Complaint Ex. A ¶2)  Plaintiffs allege that they were employed by the Defendants and that they were paid below the minimum wage rate, not paid overtime, not paid spread of hours pay, and not provided notices and wage statements provided by New York law. (*Id.* ¶¶5-13, 37-94)  Plaintiffs specifically allege in the complaint in the District Court Action that Orly's actions were willful. (*Id.* ¶¶110, 112, 118-119; *see also* ¶¶126, 130, 135, 140, 144)

On June 24, 2015, Amir Orly filed this bankruptcy petition. (Main Dkt. No. 1)  Plaintiffs filed a motion to lift the automatic bankruptcy stay in order to proceed against Orly in the District Court Action. (Main Dkt. Nos. 9-12)  This Court held a hearing on December 16, 2015, and granted Plaintiffs' motion to lift the automatic bankruptcy stay by order dated January 13, 2016. (Main Dkt. No. 25)

Plaintiffs filed this adversary proceeding on February 6, 2016. (Adv. Pro. Dkt. No. 1)  Orly filed a motion to dismiss on April 11, 2016. (Adv. Pro. Dkt. No. 8)  The motion is set for a hearing on June 16, 2016. (Adv. Pro. Dkt. No. 11)

2

The District Court Action is currently proceeding in discovery. Discovery is scheduled to be completed by September 16, 2016, with the parties scheduled to file pre-trial materials by October 21, 2016. (S.D.N.Y. Docket No. 15-cv-2696, Dkt. Entry 5/20/16)

Argument

**DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED**

A.     The Standard on a Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to an adversary proceeding in the bankruptcy court by Fed. R. Bankr. P. 7012(b)(6), on a motion to dismiss for failure to state a claim, the Court must accept all factual allegations as true. *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010). "[W]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*( quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Instead, '[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Anderson News, LLC v. American Media, Inc.*, 680 F. 3d 162, 182 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

3

B.  The Complaint States a Claim for Non-Dischargeability of
<u>Debts Due to Willful and Malicious Injury by Orly of Plaintiffs</u>

The Complaint states a claim for non-dischargeability of Orly's debts to the Plaintiffs. Specifically, Plaintiffs allege that Orly's actions in violating the FLSA and NYLL caused willful and malicious injury, and therefore Orly's debt to the Plaintiffs is non-dischargeable under 11 U.S.C. §523(a)(6).

11 U.S.C §523(a)(6) provides, in pertinent part, that bankruptcy does not discharge the debtor "from any debt . . . for willful and malicious injury by the debtor to another entity." In order to prevail on a claim for non-dischargeability, Plaintiffs must establish "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v Geiger*, 523 U.S. 57, 61 (1998). Plaintiffs need not establish fraud by a debtor; Section 523(a)(6) "covers debts 'for willful or malicious injury,' whether or not that injury is the result of fraud." *Husky Int'l Elecs., Inc. v. Ritz*, __ U.S. __, 136 S. Ct. 1581, 194 L. Ed. 2d 655, 664 (2016). "[I]f a debtor believes that an injury is substantially certain to result from his conduct, the debtor will be found to have possessed the requisite intent to injure required under *Geiger*. *DeCurtis v. Ferrandina*, 533 B.R. 11, 26 (Bankr. E.D.N.Y. 2015).

"The injury caused by the debtor must also be malicious, meaning 'wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will.'" *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (quoting *In re Stelluti*, 94 F.3d 84, 87 (2d Cir. 1996)). "Malice may be implied 'by the acts and conduct of the debtor in the context of [the] surrounding circumstances.'" *Id.* (quoting *In re Stelluti*, 94 F.3d at 86). "Malice may also be implied when 'anyone of reasonable intelligence knows that the act in question is contrary to

4

commonly accepted duties in the ordinary relationships among people, and injurious to another.'" *Parris v. Delaney (In re Delaney)*, 504 B.R. 738, 749 (Bankr. D. Conn. 2014) (quoting *In re Hambley*, 329 B.R. 382, 402 (Bankr. E.D.N.Y. 2005)). Malice can also be found "where a debtor has breached a statutory duty 'willfully in the sense of acting with deliberate intent, in circumstances where it is evident that the conduct will cause injury to the plaintiff and under some aggravating circumstances to warrant the denial of a discharge.'" *Forrest v. Bressler (In Re Bressler)*, 387 B.R. 446, 455 (Bankr. S.D.N.Y. 2008) (quoting *Bundy Am. Corp. v. Blankfort (In re Blankfort),* 217 B.R. 138, 144 (Bankr. S.D.N.Y. 1998)).

Plaintiffs have sufficiently alleges that Orly caused willful and malicious injury to them by paying them at rates below the legal minimum and overtime wages. In the District Court Complaint, incorporated by reference to the complaint in this adversary proceeding, Plaintiffs allege that Defendants, including Orly, paid Plaintiffs at the rates of $4.00 or $5.00 per hour for all hours worked, despite Plaintiffs' working as many as 81 hours per week. (District Court Complaint ¶¶43-49, 64-67, 83-86). Plaintiffs further alleged that this was pursuant to an intentional policy to underpay Plaintiffs and that Plaintiffs had a policy of disguising Plaintiffs' duties by designating them as delivery workers to conceal the fact that they performed various non-tipped duties. (*Id.* ¶¶11, 95-98, 105) Plaintiffs allege that Defendants willfully paid Plaintiffs in cash in order to disguise the number of hours Plaintiffs worked and to avoid paying Plaintiffs for their full hours worked, and at their full wages. (*Id.* ¶110) Plaintiffs further allege that Defendants' violations of the law were pursuant to an intentional corporate policy to minimize labor costs and to deny employees compensation by knowingly violating the FLSA and NYLL. (*Id.*¶111) Additionally, in the Adversary Proceeding Complaint, Plaintiffs allege

5

that Orly's actions were intentional, done without just cause or excuse, and that Orly had the ability to pay Plaintiffs properly and simply chose not to. (Adversary Proceeding Complaint ¶14)

These allegations sufficiently allege that Orly caused willful and malicious injury to the Plaintiffs. By alleging that Orly willful and maliciously violated the FLSA and NYLL, injuring Plaintiffs, Plaintiffs have stated a claim for non-dischargeability pursuant to Section 523(a)(6). Although Orly alludes to the fact that the District Court Complaint alleges willfulness under the definition of the FLSA rather than Section 523(a)(6), Orly fails to demonstrate that the allegations in the District Court Complaint and Adversary Proceeding are insufficient to establish willful and malicious injury under Section 523(a)(6). Orly does not cite a single case finding that a plaintiff could not establish willful and malicious injury by alleging and providing willful violation of the FLSA. Indeed, Orly does not cite a single case granting a motion to dismiss an adversary proceeding for non-dischargeability on any grounds.

Ample case law establishes that a willful violation of the FLSA, or an otherwise willful refusal to pay an employee wages, can support a finding of non-dischargeability in bankruptcy pursuant to Section 523(a)(6). *See Petarlia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001) (debt arising from debtor's failure to pay wages was excepted from discharge under Section 523(a)(6)); *Farie v. Silva (In re Silva)*, 12-17413-WCH, 2014 Bankr. LEXIS 258, *32-*34, 2014 WL 217889 (Bankr. D. Mass. Jan. 21, 2014) (same); *Romano v. Defusco (In re Defusco)*, 500 B.R. 664, 669-670 (D. Mass. 2013) (allegation to debtor underpaid creditor by failing to pay overtime stated claim under Section 523(a)(6); *Chaves v. Ruhland (In re Ruhland)*, 11-19510-JNF, 2013 Bankr. LEXIS 1061, *22-*36, 2013 WL 1088737, at *13 (Bankr. D. Mass.

Mar. 13, 2013); *see also Murray v. Altendorf (In re Altendorf)*, No. 15-07003, 2015 Bankr. LEXIS 2517, \*19-\*20 (Bankr. N.D. July 29, 2015) (allegations that debtor intentionally failed to pay wages owed stated claim for non-dischargeability pursuant to Section 523(a)(6)); *U.S. v. Makozy (In re Makozy)*, 13-2440-CMB, 2014 Bankr. LEXIS 3831 (Bankr. W.D. Pa. Sept. 9, 2014) (denying summary judgment to both plaintiff and defendants as to whether finding of willfulness in FLSA action demonstrates willfulness under Section 523(a)(6)).  As in these cases, Plaintiffs here have stated a claim for non-dischargeability of Orly's debt to them arising from his willful and malicious refusal to pay them wages that accord with the requirement of the FLS and NYLL.

Plaintiffs have adequately stated a claim for non-dischargeability of Orly's debt to them pursuant to Section 523(a)(6).  Orly's motion to dismiss the complaint should be denied.

## Conclusion

Based on the foregoing, the Court should deny Orly's motion to dismiss the complaint, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         June 8, 2016

   /s/ Joshua S. Androphy
Joshua S. Androphy, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165
(212) 317-1200
jandrophy@faillacelaw.com
*Attorneys for Plaintiffs*

7