**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| In re: | **Bankruptcy Case No. 15-11650 (JLG)** |
| Amir Orly | |
| *Debtor.* | |
| ALFREDO MORENO COCOLETZI, EDGAR MONTEROSO GILBERTO DARIO RAMIREZ RAMOS, GERMAN TORRES ROMERO, and CRISTIAN FREDY VILLAR MEDINA, | **Adversary Proceeding No. 16-01020 (JLG)** |
| *Plaintiffs,* | |
| -against- | |
| AMIR ORLY, | |
| *Defendant.* | |

-----------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

MICHAEL FAILLACE & ASSOCIATES, P.C.
Joshua S. Androphy
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

Plaintiffs seek leave to file a first amended complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure, as made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure.

Plaintiffs seek to file a first amended complaint to add allegations pertaining to two individuals, Cristian Villar Medina and German Torres Romero, who filed consents to join an underlying pending FLSA action in the United States District Court for the Southern District of New York (the "District Court Action").

By order dated August 10, 2016, the Court granted defendant Amir Orly's motion to dismiss the claims as to Messrs. Torres and Villar, with leave to seek to replead, and denied the motion as respect to Plaintiffs Moreno, Monterroso, and Ramirez. (Dkt. No. 15) The motion was granted as to Torres and Villar because there were no allegations as to the specific injuries they allegedly suffered by reason of Orly's intentional and unlawful acts. (*Id.* at 15) The proposed first amended complaint would remedy that, as it incorporates a proposed amended complaint in the District Court Action which includes allegations of the specific injuries suffered by Torres and Villar by the unlawful, willful, and malicious actions of Orly. (Androphy Dec. Ex. A)

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he Court should freely give leave when justice so requires."

The Supreme Court has made clear that Rule 15(a)(2)'s "mandate is to be heeded." *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Thus, "[w]hen a party requests leave to amend its complaint, permission generally should be freely granted." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). However, "[l]eave to amend may properly be denied if the amendment would be futile," *id.* (citing *Foman*, 371 U.S. at 182), or

"where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002); *see Losquadro v. FGH Trust Credit Corp.*, 959 F. Supp. 152, 159 (E.D.N.Y. 1997) ("Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party . . .' will serve to prevent an amendment prior to trial.") (quoting *Foman*, 371 U.S. at 182))).

Plaintiffs' request for leave to amend should be granted. The impetus for the amended complaint is to add the specific claims of Torres and Villar. The original complaint did not include their allegations because it incorporated a complaint in the District Court Action filed before Torres and Villar joined the District Court Action. The proposed amended complaint includes such claims by incorporating a proposed first amended complaint in the District Court Action which contains the allegations for Torres and Villar.

Torres and Villar have meritorious claims against Orly, and therefore amendment of the complaint would not be futile. Torres and Villar's claims are basically the same allegations, with individual variations as to the particular details, as the other Plaintiffs. (Androphy Dec. Ex. A) The Court has already determined that the other Plaintiffs' claims are sufficient to withstand Orly's motion to dismiss.

Furthermore, no party will be prejudiced by amendment of the complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file a First Amended Complaint in this matter.

Dated:    New York, New York
          September 9, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

- 2 -

        By: /s/ Joshua S. Androphy _____
           Joshua S. Androphy
           60 East 42nd Street, Suite 2540
           New York, New York 10165
           Telephone: (212) 317-1200
           Facsimile: (212) 317-1620
           *Attorneys for Plaintiffs*